UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SETH MURDOCK,

                Petitioner,               No. 06-12551
                                         (Cr. No. 02-80882)
vs.                                District Judge Gerald E. Rosen

UNITED STATES OF AMERICA,        Magistrate Judge R. Steven Whalen

                Respondent.

_____ /

## REPORT AND RECOMMENDATION

Before the Court are Petitioner Seth Murdock's Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 [Docket Nos. 40 and 41], along with his Motion for Summary Judgment [Docket No. 49] and Amended Motion for Summary Judgment [Docket #50], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons that follow, I recommend that Petitioner's Motions be DENIED.

## I.    FACTUAL AND PROCEDURAL HISTORY

On January 28, 2003, Petitioner pled guilty, pursuant to a Rule 11 plea agreement, to the charge of Aiding and Abetting the Possession of False Papers to Defraud the United States, 18 U.S.C. §1002.  Under the plea agreement, seven counts of wire fraud, 18 U.S.C. §1342, and three counts of making false statements, 18 U.S.C. §1001, were dismissed.  On June 12, 2003, he was sentenced to a term of 27 months imprisonment, to be followed by a

three-year term of supervised release.[1]

Under ¶ 5 of the Rule 11 agreement, the Petitioner waived any right to appeal, so long as the Court did not impose a sentence beyond the 27-month cap set forth elsewhere in the agreement. However, the Petitioner was not specifically advised of this provision during the on-the-record plea colloquy. He filed a notice of appeal on June 20, 2003, and on October 16, 2003, the government moved in the Sixth Circuit to dismiss the appeal, based on the waiver of appeal contained in the Rule 11 agreement. On February 15, 2005, the Sixth Circuit, in a published decision, denied the government's motion to dismiss, finding that the trial court committed plain error by failing to discuss the appellate waiver provision at the plea proceeding, as required by Fed.R.Cr.P. 11(b)(1)(N). *United States v. Murdock*, 398 F.3d 491 (6th Cir. 2005). The Sixth Circuit then reviewed the merits of several sentencing issues raised on appeal, and affirmed the sentence.[2]

The Petitioner filed the present motion on June 8, 2006. He seeks to set aside his plea, arguing that if he had been advised that he was waiving his appellate rights, he would have refused to plead guilty, and would have instead elected to go to trial. He also claims that his plea was not knowing, voluntary and intelligent because his trial attorney did not explain *any* of his rights to him.

_____

[1]On June 19, 2006, Petitioner was sentence to 18 months imprisonment for violation of supervised release.

[2]As part of his appeal, Petitioner asked the Sixth Circuit to consider documents that were not part of the district court record for purposes of Fed.R.App.P. 10(e). The Court declined to consider those documents.

-2-

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution.  "[A] defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. U.S.* 157 F.3d 427, 430 (6th Cir. 1998) (internal citations omitted); *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994).  To prevail under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir.2003).  *See also Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

## III.    ANALYSIS

### A.    Statute of Limitations

28 U.S.C. §2255 provides that "[a] 1-year period of limitation shall apply to a motion under this section," and further, that the limitation period runs from "the date on which the judgment of conviction becomes final."  In *Clay v. United States*, 537 U.S. 522, 524, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003), the Supreme Court held that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  The time for filing a petition for writ of certiorari expires 90 days after the Court of Appeals decision.  *Id*.

In the present case, the Sixth Circuit issued its decision on February 15, 2005.  The

-3-

90-day period for filing a petition for writ of certiorari expired on May 17, 2005.  Thus, the statute of limitations for filing a motion under §2255 ran on May 17, 2006.  Petitioner did not file his motion until June 8, 2006.  Therefore, the motion should be dismissed as time-barred.[3]

In his Motions for Summary Judgment [Docket Nos. 49 and 50], Petitioner argues that although his Petition was filed beyond the statute of limitations, it should be subject to equitable tolling.  The limitation period of § 2255 is not jurisdictional, and may be subject to equitable tolling in appropriate cases.  *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  Nevertheless, in *Baldwin County Recreational Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), the Court noted that "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *See Seay v. TVA*, 339 F.3d 454 (6th Cir. 2003) ("Equitable tolling is the exception, not the rule");  *Johnson v. United States Postal Service*, 863 F.2d 48 (6th Cir. 1998), quoting, *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ( "'garden variety neglect' cannot be excused by equitable tolling").

In *Truitt v. County of Wayne,* 148 F.3d 644 (6th Cir 1998 ), the court upheld the denial

---

[3]Under *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a *pro se* prisoner's papers are considered "filed" at the moment of delivery to prison authorities for forwarding to the district court.  In this case, the Petitioner signed and dated the motion on June 6, 2006, which would therefore have been the earliest date that he delivered it to prison authorities.  The motion was docketed in this Court only two days later, on June 8, 2006.

of equitable tolling, citing five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Id.* at 648; *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). The *Truitt* court also noted that "[t]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id.*; *Jarrett v. US Sprint Communications Co.*, 22 F.3d 256, 260 (10th Cir. 1994).

In this case, the Petitioner merely states that the statute of limitations should be equitably tolled because he "was incarcerated just before the original 2255 motion was due to be filed."  However, the fact of incarceration alone is not sufficient reason to toll the statute.  *See Felder v.* Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (incarceration or *pro se* status do not constitute extraordinary circumstances warranting equitable tolling); Brown *v. United States*, 20 Fed.Appx. 323, 2001 WL 1136000 (6th Cir. 2001) (no basis for equitable tolling even though petitioner-inmate was "in transit" for 90 days following his sentencing, and thus unable to prepare a petition during that time).  Nor does Petitioner explain why he was unable to file the petition during the many months before his incarceration began.  His failure to do so suggests a lack of diligence.  *Dunlap, supra*, 250 F.3d at 1010.  In short, he has satisfied none of the *Truitt* factors, and has therefore failed to show why he would be entitled to the extraordinary remedy of equitable tolling.

**B.    Integrity of the Defendant's Plea**

The Petitioner argues that his plea was not knowing, voluntary and intelligent because he was not advised, and did not know, that he was waiving his right to appeal. He also argues that he was not advised that he would not be permitted to present new evidence in his appeal.

In *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004), the Supreme Court held "that a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." In the present case, the Sixth Circuit found that the district court *did* commit plain error under Rule 11(b)((1)(N), by failing to advise the Petitioner that he was waiving his right to appeal. The Sixth Circuit remedied that error by denying the government's motion to dismiss the appeal, and considering the Petitioner's issues on the merits.

However, under *Dominguez Benitez*, the Petitioner faces a much more daunting burden in seeking to set aside his plea in collateral proceedings under §2255. "For Rule 11 claims...[§2255 relief] is open only in the most egregious cases." *Dominguez Benitez*, 542 U.S. at 83, fn. 9, citing *United States* v. *Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). The *Dominguez Benitez* Court also noted, at fn. 9, that "[a] defendant will rarely, if ever, be able to obtain relief for rule 11 violations under §2255."

The Petitioner has not shown that absent the Rule 11 error at the plea proceeding, he would have chosen to go to trial rather than plead guilty. He received a substantial benefit under the Rule 11 plea agreement: a sentence cap of 27 months and the dismissal of 10 other

-6-

felony counts.  The Rule 11 violation itself was remedied when the Sixth Circuit denied the government's motion to dismiss and considered the Petitioner's appellate issues on the merits, thus placing him in the same position as if there had been no waiver of appellate rights in the plea agreement.  Given his inability to show that his substantial rights were affected, Petitioner is in essence arguing that plain error under Rule 11 is structural error, a theory that the Supreme Court soundly rejected in *Dominguez Benitez*.

Petitioner also contends that his attorney did not discuss any provisions of the plea agreement with him.  The record of the plea proceeding belies this claim.  First, after swearing to tell the truth on penalty of perjury (Tr. 1-28-03, 5-6), the Petitioner stated that he had reviewed the case with his attorney, that he was satisfied with his attorney's explanation and advice, and that he had no complaints about his attorney's representation (Tr. 1-28-03, 11).  I recognize that these statements contain some ambiguity as to whether his attorney discussed *all* the terms of the plea agreement with him before coming to court.  However, it would appear that since it was clear that he was pleading guilty pursuant to a plea agreement, he would have told the judge that he was *not* satisfied with his attorney's explanation and advice if, indeed, his lawyer had explained nothing to him.

In addition, the Assistant U.S. Attorney placed all the terms of the Rule 11 agreement, except for the appellate waiver provision, on the record, Petitioner's counsel commented on two areas that would be determined by the court at sentencing (acceptance of responsibility and the amount of the loss), and the Petitioner acknowledged that he understood those terms (Tr. 1-28-03, 21-22).  Apart from the omission of the appellate waiver provision, the Court

advised the Petitioner of all the matters set forth in Rule 11(b)(1) (Tr. 1-28-03, 14-19).

Under these circumstances, Petitioner has not met his substantial burden under §2255 of

showing that his plea was not knowing, voluntary and intelligent.

Finally, Petitioner argues that the Court erred in not advising him that he would not

be permitted to present new evidence on appeal.  Rule 11, of course, requires the court to

advise a defendant of various rights he would be waiving by pleading guilty.  However, a

defendant does not have the right to present new evidence on appeal, and there is nothing in

Rule 11 that requires a court to advise a defendant of a non-existent right.  In this case, there

was no Rule 11 violation in this regard, and hence no error, plain or otherwise, that would

entitle the Petitioner to have his plea vacated.

## IV.   CONCLUSION

I therefore recommend that Petitioner's Motion to Vacate Sentence Pursuant to 28

U.S.C. §2255 [Docket Nos. 40 and 41] and his Motions for Summary Judgment [Docket Nos.

49 and 50] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days

of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR

72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th

Cir.  1981).  Filing of objections which raise some issues but fail to raise others with

specificity will not preserve all the objections a party might have to this Report and

Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6ᵗʰ Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6ᵗʰ Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  February 5, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 5, 2007.


S/G. Wilson
Judicial Assistant

-9-